1 | McGREGOR W. SCOTT
United States Attorney
2 | LAURA L. FERRIS
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2932



JUN 2 1 2005



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 03-0374; 04-0095 |
| Plaintiff, ) | PLEA AGREEMENT |
| v. ) | |
| NICHOLAS WILLIAM BLASGEN, ) | DATE: June 21, 2005 |
| Defendant. ) | TIME: 8:30 a.m. |
| ) | COURT: Hon. Morrison C. England |

I.

## INTRODUCTION

**A. Scope of Agreement:** This agreement covers charges in two separate indictments. The first is a Superseding Indictment in case number CRS-03-374 MCE which charges the defendant with three counts of transferring document-making implements, one count of producing and transferring document-making implements, and one count of possession of document-making implements, all in violation of 18 U.S.C. § 1028(a)(5). In addition, the superseding indictment alleges one count of criminal forfeiture pursuant to 18 U.S.C. § 1028(b)(5) and (g). (Hereinafter referred to as the "first case.") The second indictment at issue, case number CRS-04-095, was found to

1

1 | be related to the above-mentioned case and was transferred to this
2 | Court.  In the second indictment the defendant was charged with one
3 | count of possession of materials containing images of child
4 | pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and
5 | forfeiture pursuant to 18 U.S.C. § 2253. (Hereinafter referred to as
6 | the "second case.") This document contains the complete Plea
7 | Agreement between the United States Attorney's Office for the
8 | Eastern District of California (the "government") and the defendant
9 | regarding these two cases.  This Plea Agreement is limited to the
10 | United States Attorney's Office for the Eastern District of
11 | California and cannot bind any other federal, state, or local
12 | prosecuting, administrative, or regulatory authorities.
13 |      **B.  Court Not a Party**:  The Court is not a party to this Plea
14 | Agreement.  Sentencing is a matter solely within the discretion of
15 | the Court, the Court is under no obligation to accept any
16 | recommendations made by the government, and the Court may in its
17 | discretion impose any sentence it deems appropriate up to and
18 | including the statutory maximum stated in this Plea Agreement.  If
19 | the Court should impose any sentence up to the maximum established
20 | by the statute, the defendant cannot, for that reason alone,
21 | withdraw his guilty plea, and he will remain bound to fulfill all of
22 | the obligations under this Agreement.  The defendant understands
23 | that neither the prosecutor, defense counsel, nor the Court can make
24 | a binding prediction or promise regarding the sentence he will
25 | receive.
26 |
27 |
28 |

II.

DEFENDANT'S OBLIGATIONS

A.  **Guilty Pleas**: In the first case the defendant will plead guilty to count nine alleging transfer of a document-making implement and count eleven alleging possession of document-making implements.  In the second case the defendant will plead guilty to count one alleging possession of materials containing images of child pornography.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

B.  **Restitution**: Restitution is not part of this agreement.

C.  **Fine**: The defendant agrees to pay a fine as directed by the United States Probation Office based on his present and future ability to pay a criminal fine.  Payment should be made as directed by this Court and by the United States Probation Office.  The defendant understands that if he is ordered to pay a fine and fails to do so as directed, this Plea Agreement is voidable by the government.

D.  **Special Assessment**:  The defendant agrees to pay a special assessment of $ 300 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing.

E.  **Forfeiture**: Forfeiture in this case is governed by two separate statutes.

(1)  **The First Case**: Defendant agrees to forfeit to the

3

United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. Section 1028(b)(5) and count fourteen in the first case and further agrees to waive the omission in the indictment of subsection (b)(5), subsections (g) and (h) were referenced. Those assets include, but are not limited to, the following:

1. Dell Dimension 8200 Tower computer, serial number 48TBP11, and hard drive;

2. Dell Tower computer, model number XPST500, serial number 1HCJY, and hard drive;

3. laminates bearing the California State seal and California Department of Motor Vehicles seal found in the defendant's home;

4. laminates bearing magnetic encoding strips found in the defendant's home;

5. Fellows EXL45 laminator found in the defendant's home;

6. AKILES Pro Lam 230 laminator, serial number 017091;

7. California false identification documents found in the defendant's home;

8. Samsung Monitor model CyncMaster 151P, serial number GH15H4KT300689P; and

9. Samsung Monitor model CyncMaster 151P, serial number GH15H4KT300690P.

Defendant agrees that the listed asset constitutes property used, and intended to be used, in any manner or part, to commit and to facilitate the commission of a violation of 18 U.S.C. § 1028 (a)(5).

**(2) The Second Case:** Defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18

4

1  U.S.C. Section 2253.    Those assets include, but are not limited to,

2  the following:

3         (1)  Dell Dimension 8200 tower computer, serial number
              48TBP11, including the Maxtor hard drive, serial
4              number 664216718318; and

5         (2)  Apple Powerbook G4 laptop computer, serial number
              QT3110DIN4M, including the Toshiba hard drive, serial
6              number 23PN9070T.

7       Defendant agrees that the above-listed property constitutes or

8  is traceable to gross profits or other proceeds obtained directly or

9  indirectly from a violation of 18 U.S.C. § 2252 (a)(5)(B) or was

10  used or intended to be used to commit or to promote the commission

11  of a violation of 18 U.S.C. § 2252 (a)(5)(B).

12       Defendant agrees to fully assist the government in the

13  forfeiture of the listed assets and to take whatever steps are

14  necessary to pass clear title to the United States.    Defendant shall

15  not sell, transfer, convey, or otherwise dispose of any of his

16  assets, including but not limited to, the above-listed asset.

17  Defendant knowingly and voluntarily waives his right to a jury trial

18  on the forfeiture of assets.    Defendant knowingly and voluntarily

19  waives all constitutional, legal and equitable defenses to the

20  forfeiture of these assets in any proceeding.    Defendant agrees to

21  waive any jeopardy defense, and agrees to waive any claim or defense

22  under the Eighth Amendment to the United States Constitution,

23  including any claim of excessive fine, to the forfeiture of the

24  assets by the United States, the States of California or its

25  subdivisions.

26       Defendant waives oral pronouncement of forfeiture at the time

27  of sentencing, and any defects that may pertain to the forfeiture.

28

1                                   III.

2                      THE GOVERNMENT'S OBLIGATIONS

3       A.   Dismissals:   The government agrees to move, at the time of

4  sentencing, to dismiss with prejudice the remaining counts against

5  the defendant in the Superseding Indictment from the first case,

6  namely counts one, two, and ten.   The government further agrees not

7  to seek forfeiture of the 2002 BMW Four-door, California license

8  plate 4YRB131 listed as item number 8 in count 14.

9       B.   Recommendations:

10           1.   Incarceration Range:   The government will recommend

11  that the defendant be sentenced to the low end of the applicable

12  guideline range for his offense as determined by the United States

13  Probation Office.

14           2.   Acceptance of Responsibility:   If the United States

15  Probation Office determines that a two- or three-level reduction in

16  defendant's offense level for his full and clear demonstration of

17  acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,

18  the government will not oppose it and will make whatever motions are

19  necessary for the reduction.

20                                   IV.

21                       ELEMENTS OF THE OFFENSE

22       A.   Elements of the Offense:   At a trial, the government would

23  have to prove beyond a reasonable doubt the elements of the offenses

24  to which the defendant is pleading guilty.   As to count nine

25  alleging transfer of document-making implements the government would

26  have to prove: (1) the defendant knowingly transferred a document-

27  making implement; (2) with the intent such document-making implement

28  will be used in the production of a false identification document or

                                      6

1 in another document-making implement which will be so used; and (3)

2 the transfer is in or affects interstate commerce, including the

3 transfer of a document by electronic means. As to count eleven

4 alleging possession of document-making implements the government

5 would have to prove: (1) the defendant knowingly possessed a

6 document-making implement; (2) with the intent such document-making

7 implement will be used in the production of a false identification

8 document or in another document-making implement which will be so

9 used; and (3) the possession is in or affects interstate commerce,

10 including the transfer of a document by electronic means. As to

11 count one of the second case alleging possession of materials

12 containing images of child pornography, the government would have to

13 prove: (1) that the defendant knowingly possessed material which the

14 defendant knew contained images of child pornography; (2) that the

15 defendant knew the images of child pornography contained in the

16 material were of minors engaged in sexually explicit conduct; (3)

17 the defendant knew that production of such images involved the use

18 of minors in sexually explicit conduct; and (4) that the images had

19 been mailed, shipped, or transported in interstate or foreign

20 commerce.

21 **V.**

22 **MAXIMUM SENTENCE**

23     **A.  Maximum Penalty**: For counts nine and eleven of the

24 Superseding Indictment in the first case, the maximum sentence which

25 the Court can impose for each count is not more than 15 years of

26 incarceration, a three year period of supervised release, a fine of

27 up to $250,000, and a special assessment of $100. The maximum

28 sentence which the Court can impose on count one from the second

7

1   case is not more than 5 years of incarceration, a term of supervised

2   release of three years, a fine of up to $250,000, and a special

3   assessment of $100.

4       **B.   Violations of Supervised Release**: The defendant understands

5   that if he violates a condition of supervised release at any time

6   during the term of supervised release, the Court may revoke the term

7   of supervised release and require the defendant to serve up to

8   additional two years imprisonment.

9                              **VI.**

10                    **SENTENCING DETERMINATION**

11       **A.   Statutory Authority**: The defendant understands that the

12  Court must consult the United States Sentencing Guidelines (as

13  promulgated by the Sentencing Commission pursuant to the Sentencing

14  Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998,

15  and as modified by United States v. Booker and United States v.

16  Fanfan, 2005 WL 50108 (Jan. 12, 2005)).  The defendant understands

17  that the Court must take these guidelines into account when

18  determining the defendant's final sentence.  The defendant

19  understands that the Court will determine a guideline sentencing

20  range for this case pursuant to the Sentencing Guidelines and that

21  this sentencing range is non-binding and advisory on the Court.  The

22  defendant further understands that the Court will consider whether

23  there is a basis for departure from the guideline sentencing range

24  (either above or below the guideline sentencing range) because there

25  exists an aggravating or mitigating circumstance of a kind, or to a

26  degree, not adequately taken into consideration by the Sentencing

27  Commission in formulating the Guidelines.  Defendant further

28  understands that, after consultation and consideration of the

                                8

1   Sentencing Guidelines, the Court must impose a sentence that is

2   reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

3       **B.   Stipulations Affecting Guidelines Calculation:** The

4   government and the defendant agree that there is no material dispute

5   as to the following sentencing guidelines variables and therefore

6   stipulate to the following:

7       **1. Base Offense Level for the charges in the first case:**

8   The base offense level for producing, transferring, and

9   possessing document-making implements is 6.  U.S.S.G. § 2B1.1.

10      **2.   Specific Offense Characteristics in the first case:**

11  Pursuant to U.S.S.G. § 2B1.1(b)(9)(C)(ii), the offense level

12  for the charges in the first case is increased to 12 because

13  the defendant possessed five or more means of identification

14  that were unlawfully produced from, or obtained by the use of,

15  another means of identification.

16      **3.   Enhancement in the first case:** Pursuant to §3B1.1(c),

17  the offense level is increased by 2 levels because the

18  defendant was an organizer, leader, manager or supervisor of

19  the criminal act of producing false identification documents.

20      **3.   Adjusted Offense Level for charges in the first case:**

21  The adjusted offense level for each count in the first case is

22  14.  The counts would group as closely related under U.S.S.G. §

23  3D1.2 and the resulting offense level is 14.

24      **4.   Base Offense Level in the second case:** The base

25  offense level for possession of materials containing images of

26  child pornography is 15 pursuant to U.S.S.G. § 2G2.4.

27      **5.   Specific Offense Characteristics in the second case:**

28  There are three enhancements related to specific offense

1  characteristics: (1) a 2 level increase for material involving

2  a prepubescent minor or a minor under the age of 12; (2) a 2

3  level increase because the offense involved possessing ten or

4  more items containing visual depictions involving the sexual

5  exploitation of a minor; and (3) a 2 level enhancement for

6  possession of material resulting from the defendant's use of a

7  computer.

8       **6.   Adjusted Offense Level in the second case**: The

9  adjusted offense level for the second case is 21.

10      **7.   Combined Offense Level**: Pursuant to § 3D1.4 the

11 offense level of the highest group is 21 and the offense level

12 of the other group is 14.  Because these groups are within 5 to

13 8 levels of one another, there is a 1 level increase in the

14 offense level of the highest group.  Accordingly, the combined

15 offense level is 22.

16      **8.   Acceptance of Responsibility**: As stated in above

17 paragraphs.

18      **9.   Criminal History**: The parties agree that the defendant

19 will be in Category I.

20      **10.  Other Departures, Enhancements, and Reductions**:  The

21 parties stipulate and agree that they will not seek or argue in

22 support of any other specific offense characteristics, Chapter

23 Three adjustments (other than the decrease for "Acceptance of

24 Responsibility"), or cross-references.  Both parties stipulate

25 and agree not to move for, or argue in support of, any

26 departure from the sentencing guidelines not specifically

27 provided for in this agreement.  Both parties stipulate and

28 agree not to move for, or argue in support of, any sentence

10

1   other than the sentence determined by the sentencing guidelines

2   consistent with the stipulations herein.  Both parties agree

3   and stipulate that the guideline sentence is the reasonable

4   sentence in this case.

5        **11.  Sentencing Range:** The applicable sentencing range

6   without acceptance of responsibility is 41-51 months and

7   with a three level reduction for acceptance of responsibility,

8   if applicable pursuant to this agreement, is 30 to 37 months.

9

10                          **VII.**

11                         **WAIVERS**

12       **A.  Waiver of Constitutional Rights:**  The defendant understands

13  that by pleading guilty he is waiving the following constitutional

14  rights:  (a) to plead not guilty and to persist in that plea if

15  already made; (b) to be tried by a jury; (c) to be assisted at trial

16  by an attorney, who would be appointed if necessary; (d) to subpoena

17  witnesses to testify on his behalf; (e) to confront and cross-

18  examine witnesses against him; and (f) not to be compelled to

19  incriminate himself.

20       **B.  Waiver of Appeal and Collateral Attack:**  The defendant

21  understands that the law gives him a right to appeal his conviction

22  and sentence.  The defendant agrees as part of his plea, however, to

23  give up his right to appeal the conviction and the right to appeal

24  any aspect of his sentence as long as his sentence is no longer than

25  the top of the sentencing guidelines range determined by the Court

26  consistent with the stipulations set forth above about the

27  sentencing guidelines variables.  Defendant specifically gives up

28  the right to appeal any order of restitution the Court may impose.

1    The defendant also gives up any right he may have to bring a

2 post-conviction attack on his conviction or his sentence.  He

3 specifically agrees not to file a motion under 28 U.S.C. § 2255 or §

4 2241 attacking his conviction or sentence.

5    If the defendant's conviction on any of the counts to which he

6 is pleading is ever vacated at the defendant's request, or his

7 sentence is ever reduced at his request, the government shall have

8 the right (1) to prosecute the defendant on any of the counts to

9 which he pleaded guilty; (2) to reinstate any counts that may be

10 dismissed pursuant to this agreement; and (3) to file any new

11 charges that would otherwise be barred by this agreement.  The

12 decision to pursue any or all of these options is solely in the

13 discretion of the United States Attorney's Office.  By signing this

14 agreement, the defendant agrees to waive any objections, motions,

15 and defenses he may have to the government's decision.  In

16 particular, he agrees not to raise any objections based on the

17 passage of time with respect to such counts including, but not

18 limited to, any statutes of limitation or any objections based on

19 the Speedy Trial Act or the Speedy Trial Clause of the Sixth

20 Amendment.

21    C.  **Waiver of Attorneys' Fees and Costs**:  The defendant agrees

22 to waive all rights under the "Hyde Amendment," Section 617, P.L.

23 105-119 (Nov. 26, 1997), to recover attorneys' fees or other

24 litigation expenses in connection with the investigation and

25 prosecution of all charges in the above-captioned matter and of any

26 related allegations (including without limitation any charges to be

27 dismissed pursuant to this Agreement and any charges previously

28 dismissed).

# VIII.

## ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

# IX.

## APPROVALS AND SIGNATURES

**A.    Defense Counsel:**    I have read this Plea Agreement and have discussed it fully with my client.   The Plea Agreement accurately and completely sets forth the entirety of the agreement.   I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED:   6/21/05

_____
Emily Dorfnger
Attorney for Defendant

**B.    Defendant:**    I have read this Plea Agreement and carefully reviewed every part of it with my attorney.   I understand it, and I voluntarily agree to it.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case.   No other promises or inducements have been made to me, other than those contained in this Agreement.   In addition, no one has threatened or forced me in

1 | any way to enter into this Plea Agreement.  Finally, I am satisfied

2 | with the representation of my attorney in this case.

3 |

4 | DATED: _____6/21/05_____          _~Nicholas Blasgen~_

5 |                                        NICHOLAS WILLIAM BLASGEN,
                                           Defendant

6 |

7 |         **C.  Attorney for United States:**  I accept and agree to this

8 | Plea Agreement on behalf of the government.

9 | DATED: _____June 21, 2005_____          McGREGOR W. SCOTT
                                           United States Attorney
10 |

11 |

12 |                                   By:__~Laura L Ferris~__
                                        LAURA L. FERRIS
13 |                                     Assistant U.S. Attorney

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

1                                  EXHIBIT "A"

2                            Factual Basis for Plea

3          On or about January 15, 2003 the defendant was communicating
    over the internet with an out of state person.  The conversation
4   included the defendant explaining how to manufacture false
    identification documents.  Following their initial contact, the
5   defendant knowingly sent from Davis, California to a computer
    located outside the state of California a document-making implement,
6   namely a template for creating a California Driver's license.

7          The defendant sold this template with the intent that it would
    be used to create false identification documents.  On this occasion,
8   the defendant sold this template over the internet for $80 and was
    paid via an internet transaction involving Pay Pal.  The template
9   contained the software necessary to create a false California
    Driver's license.  The defendant later sent via Federal Express this
10  same person laminates with the California State seal and the
    California Department of Motor Vehicles seal for production of false
11  licenses.

12         On April 1, 2003, a search of the defendant's home revealed he
    was in possession of the following items that were either document-
13  making implements or used in the production of these implements or
    the final identification documents themselves: a Dell Dimension 8200
14  Tower computer, serial number 48TBP11; a Dell Tower computer, model
    number XPST500, serial number 1HCJY; laminates bearing the
15  California State seal and California Department of Motor Vehicles
    seal; laminates bearing magnetic encoding strips; and a Fellows
16  EXL45 laminator; an AKILES Pro Lam 230 laminator, serial number
    017091.  All of these document-making implements and other items
17  were knowingly possessed by the defendant with the intent of using
    them in the production of false identification documents.
18  California false identification documents in various states of
    manufacture were found at the defendant's apartment.  The possession
19  of these items affects interstate commerce because some of these
    items were manufactured outside of the state of California and all
20  were intended to be used to further the defendant's business of
    supplying document-making implements, including templates and
21  laminates, both in and outside the state of California.  In
    furtherance of his business to produce laminates the defendant
22  supervised his co-defendants Daniel Aleksander and Joseph Stewart.

23         The computers contained information concerning the
    manufacturing of false identification documents, including, but not
24  limited to example false identifications, several versions of a
    template to make California licenses, sophisticated photo software,
25  and several encrypted files.

26         In addition to document-making implements, the defendant
    knowingly possessed materials containing images of child pornography
27  as defined in 18 U.S.C. § 2256(8)(A) on his computers further
    identified as a Dell Dimension 8200 tower computer, serial number
28  48TBP11, including the Maxtor hard drive, serial number

                                        2

1  664216718318, and an Apple Powerbook G4 laptop computer, serial
2  number QT3110DIN4M, including the Toshiba hard drive, serial number
   23PN9070T.  The defendant used at least two peer-to-peer networks,
3  Kazaa and Gnutella, to collect this pornography on his computers
   which he knew contained images of child pornography or were used to
4  collect such images.

5      Moreover, the defendant knew that these images of child
   pornography were of minors, specifically actual children under the
6  age of 18 and some under the age of 12, engaged in sexually explicit
   conduct as defined in 18 U.S.C. 2256(2), including masturbation and
7  forms of sexual intercourse.  The defendant knew that the production
   of these images involved the use of these actual minors in such
8  sexually explicit conduct.

9      Some of these images have been repeatedly traded over the
   internet: "12yr-girl-4yr-girl-sex.jpg," 10&2mom-00 family sex incest
10 preteen," and "6-yr+dad.mpg" and thereby have traveled in interstate
   commerce.  In addition, several pictures traveled via the internet
11 from a commercial website.  Furthermore, at least twenty of the
   images have been matched to images of known victims, including
12 victims outside the state of California and the United States.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28