BLACKMON & ASSOCIATES
CLYDE M. BLACKMON (SBN 36280)
JONATHAN C. TURNER (SBN 191540)
EMILY E. DORINGER (SBN 208727)
Hall of Justice
813 Sixth Street, Suite 450
Sacramento, CA  95814
Telephone: (916) 441-0824

Attorneys for Defendant
NICHOLAS WILLIAM BLASGEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>NICHOLAS WILLIAM BLASGEN, JOSEPH ARRONELIJAH STEWART, and DANIEL PAUL ALEKSANDER,<br><br>           Defendants. | Case No.:  CR.S-04-095 MCE<br>            CR.S-03-374 MCE<br><br>SENTENCING MEMORANDUM<br><br>Date:  August 30, 2005<br>Time:  8:30 a.m.<br>Judge: Morrison C. England, Jr |

**I.**

**INTRODUCTION**

Nicholas William Blasgen is a 24-year-old man, appearing before this court at 8:30 a.m. on August 30, 2005 for imposition of judgment and sentencing.  On June 21, 2005, Mr. Blasgen entered a plea of guilty to two counts of production and transfer of document making implements in violation of 18 USC 1028(a)(5) and (a)(2).  He also pled guilty to one count of possession of child pornography, 18 USC 2252A(a)(5)(b), and in addition agreed

to the forfeiture of specified items of property in connection with all charges.

The following memorandum addresses matters pertinent to Mr. Blasgen's sentencing. In sum, counsel for Mr. Blasgen recommends a sentence at the low end of the applicable guideline range, which in this case is a sentence of a term of 30 months. It is also counsel's position that, given Mr. Blasgen's serious medical condition, a fine in the amount proposed in the Presentence Investigation Report is excessive.

## II.

**THE PARTIES AGREE A SENTENCE AT THE LOW END OF THE GUIDELINE RANGE IS APPROPRIATE IN THIS CASE.**

In this case, both parties as well as the United States Probation Office agree that pursuant to the 2003 United States Sentencing Guidelines, the appropriate sentencing range is between 30 and 37 months. The government recommends Mr. Blasgen receive a sentence at the bottom of the applicable range, and that is also the recommendation of the United States Probation Office.

Several factors weigh in favor of the imposition of a sentence at the low end of the range. Mr. Blasgen's has no criminal history points. He is a college graduate who comes from a very supportive family. He has no history of violence, substance abuse, or other mental health issues. He has been employed and/or enrolled as a full time student since graduating from high school in 2000. Mr. Blasgen takes full responsibility for his actions, and thus avoids the cost and time involved if

the government were required to prove all elements of the charged offenses at trial.

During the time spent on pretrial release, Mr. Blasgen was fully cooperative with the United States Pretrial Services Office.  While it does not compel a formal objection under the local rules, the United States Probation Office's Presentence Investigation Report does contain factual inaccuracies concerning Mr. Blasgen's pretrial supervision.  On page 5 of that report, under a section titled "Pretrial Adjustment", the report suggests that on the last weekend of his pretrial supervision, Mr. Blasgen accessed his electronic mail accounts from an unauthorized location.  In particular, one reference to Mr. Blasgen suggests "he checked his email over the weekend on another computer" when in fact, Mr. Blasgen did not.

During the weekend prior to his surrender, Mr. Blasgen's parents obtained from him passwords for his electronic mail accounts.  Knowing that Mr. Blasgen would be remanded to custody upon entering a plea of guilty, his parents were preparing to take on the task of monitoring his electronic mail accounts during his incarceration.  It was Mr. Blasgen's parents who accessed his electronic mail accounts that weekend. During the period of pretrial supervision, Mr. Blasgen never used an unauthorized computer.

Pretrial Services Officer Sandra Hall, in a telephone conversation with Mr. Blasgen's attorney on August 16, 2005, agreed that the final draft of the Presentence Investigation Report is incorrect insofar as it suggests any person ever stated that Mr. Blasgen used an unauthorized computer at any time.  Ms.

Hall indicated that the only information she has is that Mr. Blasgen's parents accessed his electronic mail accounts during the time in question. As Ms. Hall indicated, she has no other information to either support or contradict that assertion by Mr. Blasgen and his parents.

While this is not an issue that affects Mr. Blasgen's sentence calculations under the guidelines, it is important to note that Mr. Blasgen at all times complied with all conditions of pretrial release. To the extent the presentence report suggests otherwise, it is factually incorrect.

### III.

**THE FINE RECOMMENDED IN THE PRESENTENCE INVESTIGATION REPORT IS EXCESSIVE CONSIDERING MR. BLASGEN'S MEDICAL CONDITION.**

The Presentence Investigation Report, at Part C, paragraph 52, on page 12, recommends a fine in the amount of $30,000. This amount is based in part on Mr. Blasgen's financial resources, and it does fall within the applicable fine range under the sentencing guidelines. However, special circumstances in this case warrant a fine lower than the amount recommended.

Mr. Blasgen has been diagnosed with a rare form of muscular dystrophy, known as bethem myopathy. He does not presently have health insurance, and upon obtaining any future medical insurance policy, his muscular dystrophy is considered a preexisting condition, and he will be unable to obtain medical coverage for any related expenses. This means that throughout the rest of his adult life, Mr. Blasgen will have to shoulder the financial burden caused by his condition. In the two years since his diagnosis, Mr. Blasgen has already undergone several

1 medical examinations, a surgery and physical therapy related to
2 this condition.
3     Bethem myopathy has no cure and no treatment, and is not
4 well understood by medical professionals.  It is a rare form of
5 muscular dystrophy, with only about 100 known cases worldwide.
6 This condition, like all forms of muscular dystrophy, typically
7 results in physical deterioration over time.  It is not at all
8 unreasonable for Mr. Blasgen to expect that one day he will be
9 completely disabled by his disease.  His physical condition may
10 begin to worsen at any time, and Mr. Blasgen has no way to
11 determine how fast his physical health may deteriorate or what
12 level of care he will need as he passes into middle and old age.
13     Given his medical condition, Mr. Blasgen is in a unique
14 position.  He must now, as a young man, begin to prepare
15 emotionally and financially for a debilitating disease, knowing
16 that the full cost of his medical care will be his
17 responsibility to bear. Assuming a steady rate of modest
18 appreciation, the $30,000 proposed as a fine would yield a
19 considerable sum over time, if it were invested.  Thus, the cost
20 to Mr. Blasgen of imposing a $30,000 fine includes both the
21 $30,000 itself as well as the amount this sum could be expected
22 to appreciate if invested.  Given his medical condition, this is
23 a significant cost and I believe imposes an unfair burden upon a
24 man who has an uncertain future in terms of his physical health
25 and wellbeing.  Mr. Blasgen does have some level of financial
26 security, however, his future medical costs could easily surpass
27 the amount he currently owns in financial assets.  For these
28 reasons, counsel for Mr. Blasgen requests the Court consider

imposition of a fine in an amount less than the recommended $30,000.

### IV.

### **CONCLUSION**

Both the United States Attorney's Office and the United States Probation Office, along with counsel for Mr. Blasgen, recommend a sentence at the low end of the applicable guideline range. In this case, that translates into a sentence of 30 months.

Mr. Blasgen has been and remains cooperative and he takes full responsibility for his actions. Given the above considerations, counsel for Mr. Blasgen respectfully submits that a sentence of 30 months should be imposed. Given Mr. Blasgen's medical condition and uncertain future as far as his physical health is concerned, any fine imposed should be less than the $30,000 recommended by the Probation Office.

```
DATED:  August 26, 2005          Respectfully submitted,
                                 BLACKMON & ASSOCIATES



                                 By: __   /S/_____
                                     EMILY E. DORINGER
                                     Attorney for Defendant
                                     Nicholas W. Blasgen
```

SENTENCING MEMORANDUM