```
McGREGOR W. SCOTT
United States Attorney
LAURA L. FERRIS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone (916) 554-2932
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS WILLIAM BLASGEN,<br><br>Defendant. | CR. NO. S-04-095-MCE<br>CR. NO. S-03-374-MCE<br><br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S SENTENCING<br>MEMORANDUM<br><br>Date: August 30, 2005<br>Time: 8:30 a.m.<br>Hon. Morrison C. England, Jr. |

Plaintiff, the United States of America, files this response to the Defendant's Sentencing Memorandum. The defendant raises two issues in his memorandum: (1) the Presentence Investigation Report misstates a fact concerning the defendant's pre-trial computer access, and (2) a lesser fine should be imposed. Nothing the defendant raised suggests that the sentence should be anything other than 30 months incarceration at the low end of the applicable sentencing range, a three year period of supervised

1

release, and a $30,000 fine at the mid-range of the applicable guidelines.

The defendant raises an issue with paragraph 10 of the Presentence Investigation Report, in particular whether the defendant accessed his email from a computer, other than his own, the weekend before his guilty plea. The defense acknowledges that this "does not compel a formal objection under the local rules . . ." and should therefore not be considered. Defendant's Sentencing Memorandum at 3.

Furthermore, the extent of the factual dispute is limited to essentially a pronoun. In a conversation I had with the defendant's Pretrial Services Officer, Sandra Hall, she indicated that paragraph 10 should be changed to reflect that "they checked his email" instead of "he checked his email" to reflect that the parents admitted they accessed the defendant's email. What is undisputed is that a computer other than the defendant's was used to access his email the weekend before his guilty plea. To the extent there is a factual dispute, it does not justify any material change in the defendant's sentencing.

As to the imposition of a $30,000 fine, the fine is appropriate in light of the language in the plea agreement that the "defendant agrees to pay a fine as directed by the United States Probation Office based on his present and future ability to pay a criminal fine." Moreover, the parties have agreed and hereby stipulate that this fine is appropriate based on the language in the plea agreement and the fact that the fine is at the mid-range of the applicable sentencing guidelines. Defense

counsel is expected to withdraw her objection to the imposition of the $30,000 fine at the sentencing hearing.

### Conclusion

Accordingly, the government requests that this Court order the defendant to pay a $30,000 fine and be sentenced to the low end of the applicable sentencing guidelines as agreed to by the parties and as recommended in the Presentence Investigation Report.

                                            Respectfully submitted,

DATED: August 29, 2005          McGREGOR W. SCOTT
                                        United States Attorney

                                  By: _____/s/_____
                                        LAURA L. FERRIS
                                        Assistant U.S. Attorney